
FILED
2010 Sep-30 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **CHARLES SCHWAB AND CO., INC.,**   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | CASE NO. 7:08-CV-0829-SLB |
| ) | |
| **TERI JONES; THE JENSEN FAMILY** ) | |
| **TRUST; ROLAND JENSEN,** in his ) | |
| capacity as Trustee for the Jensen ) | |
| **Family Trust; HELEN JENSEN,** in her ) | |
| capacity as Trustee for the Jensen ) | |
| **Family Trust,** ) | |
| ) | |
| Defendants.   ) | |
| **TERI JONES,**   ) | |
| ) | |
| Counter Claimant,   ) | |
| ) | |
| vs.   ) | |
| ) | |
| **CHARLES SCHWAB AND CO., INC.**   ) | |
| ) | |
| Counter Defendant.   ) | |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff/counter defendant Charles Schwab and Co.'s ("Charles Schwab") Motion to Compel Defendant Teri Jones, (Doc. 26), and Motion for Summary Judgment and Realignment of the Parties, (Doc. 28).[1] Charles Schwab has filed this interpleader action, seeking to deposit $101,000 in disputed funds (the

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

"disputed funds") with the court. (*See generally* Doc. 1.) The disputed funds represent proceeds received by defendant/counter claimant Teri Jones ("Jones") from her sale of Capstone Improvement District Series 2000B bonds (the "Capstone Bonds") to the Jensen Family Trust, (*see id.* at ¶ 10), which the remaining defendants, i.e. the Jensen Family Trust and trustees Roland Jensen and Helen Jensen (collectively the "Jensen Defendants"), contend were worthless when first purchased because the Capstone Bonds had already been paid off, with Jones receiving $598,896 from the sale, (*see id.* at ¶ 13; Doc. 9 at 3-5). The Jensen Defendants therefore claim Jones "misrepresented or failed to disclose the true status of the Capstone Bonds when she sold them," and therefore maintain the disputed funds should be paid to the Jensen Defendants. (Doc. 9 at 5-6.) Upon consideration of the record, Charles Schwab's submission,[2] and the relevant law, the court is of the opinion that Charles Schwab's Motion for Summary Judgment and Realignment of the Parties, (Doc. 28), is due to be granted, and its Motion to Compel Defendant Teri Jones, (Doc. 26), is due to be denied as moot.

---

[2] Exhibit A to the Scheduling Order provides:

> The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. ***The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.*** The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's responsive submission was due.

(Doc. 18, Ex. A at 1 (emphasis added).) Neither Jones nor the Jensen Defendants filed responses to Charles Schwab's Motion for Summary Judgment and Realignment of the Parties.

## I. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193

F.3d 1274, 1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)) (emphasis added).

## II. STATEMENT OF FACTS

The following facts are set forth in Charles Schwab's Brief in Support of its Motion for Summary Judgment and Realignment of the Parties. (Doc. 29 at 3-6.) Neither Jones nor the Jensen Defendants have disputed these facts, which are supported by the record evidence submitted by Charles Schwab. Therefore, these facts are deemed admitted.[3]

> 1. Charles Schwab is a national securities brokerage firm with offices throughout the United States. [(Doc. 29, Ex. A ¶ 3.)]
>
> 2. Teri Jones is the trustee for two Schwab One accounts at Charles Schwab – the Marvin E. Jones Trust and the Teri Jones Revocable Trust. [(*Id*. ¶ 4.)]
>
> 3. Both of Jones'[s] accounts are governed by the Schwab One Account Agreement. [(*Id*. ¶ 4 and ex. 1.)]
>
> 4. On November 2, 2004, Jones sold $50,500.00 worth of Capstone Bonds in each of her Charles Schwab accounts to Ryan Beck & Co., Inc. ("Ryan Beck"). [(*Id*.¶ 5 and ex. 2.)]
>
> 5. Ryan Beck subsequently sold these bonds to the Jensen Family Trust for $108,600.00. [(*Id*. ¶ 5 and ex. 3.)]
>
> 6. Following the sale, Jones received $50,500.00 in sales proceeds per trade, for a total of $101,000 ("the sales proceeds"). [(*Id*. ¶ 5.)]

---

[3] Exhibit A to the Scheduling Order states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." (Doc. 29, Ex. A at 4 (emphasis omitted).)

7. On August 27 2007, Charles Schwab received notice that there was a competing claim for the sales proceeds when a representative of the Jensen Family Trust emailed Charles Schwab and informed Charles Schwab that the Capstone bonds sold by Jones were apparently worthless and never should have been sold. [(*Id.* ¶ 6 and ex. 4.)]

8. The Jensen Family Trust claimed that the bonds were traded through the municipal securities broker R.W. Smith & Associates ("R.W. Smith") in their account at Ryan Beck. [(*Id.* ¶ 6.)]

9. The Jensen Family Trust informed Charles Schwab that pursuant to an October 22, 2003 Court Order of the Circuit Court of Tuscaloosa County, Alabama, U. S. Bank (the trustee for the Capstone Bonds) had already been ordered to pay Jones on the bonds. [(*Id.* ¶ 7.)]

10. The Court Order declared that U. S. Bank shall have no further liability on the bonds with respect to Jones. [(*Id.* ¶ 7 and ex. 4.)]

11. On April 17, 2008, Charles Schwab received notice that Stifel, Nicolaus & Company, Inc. ("Stifel"), as successor in interest to Ryan Beck, was placing a demand for reimbursement for the sales proceeds that Ryan Beck paid to R.W. Smith in connection with the Jensen Family Trust's purchase of the Capstone Bonds due to the October 22, 2003 Court Order of the Circuit Court of Tuscaloosa County, Alabama. [(*Id.* ¶ 8 and ex. 5.)]

12. In this letter, Stifel indicated that the Jensen Family Trust placed a demand that Stifel "take all actions required to rescind this trade [and] obtain reimbursement of the purchase price they paid for the Capstone Bonds." [(*Id.* ¶ 8 and ex. 5.)]

13. On April 17, 2008, Charles Schwab's Brandon Hemley called and spoke to Mrs. Teri Jones about the competing claim to the proceeds from the above-mentioned bond sales. Mrs. Jones told Hemley that she had the right to retain the sales proceeds and that she would not relinquish them voluntarily. [(*Id.* ¶ 9.)]

14. On April 24, 2008, R.W. Smith sent notice to Charles Schwab claiming that R.W. Smith has no obligation to Stifel or anyone regarding the Capstone Bonds proceeds. [(*Id.* ¶ 10 and ex. 6.)]

15. R.W. Smith further indicated that to the extent claims were made against R.W. Smith by Stifel, then R.W. Smith would make a claim against Charles Schwab, as the selling broker-dealer, for the Capstone Bonds proceeds, as well as hold Charles Schwab responsible for attorney fees and costs. [(*Id.* ¶ 10 and ex. 6.)]

      16. On April 29, 2008, Stifel sent Charles Schwab a copy of the Jensen Family Trust's February 27, 2008 demand letter to Stifel requesting rescission of the Capstone Bonds sale and reimbursement of the sales proceeds. [(*Id*. ¶ 11 and ex. 7.)]

      17. Upon receiving notice from the Jensen Family Trust and Teri Jones of the controversy over the sales proceeds, Charles Schwab placed a cash hold on approximately $50,500.00 in each of Jones'[s] accounts with Charles Schwab on April 17, 2008 in order for such funds to be placed into Court as part of an interpleader action. [(*Id*. ¶ 12.)]

      18. On May 6, 2008, Teri Jones requested that Charles Schwab release the sales proceeds from her accounts and threatened action against Charles Schwab if the sales proceeds were not released. [(*Id*. ¶ 13 and ex. 8.)]

      19. Due to dispute over the sales proceeds held in Charles Schwab's custody, Charles Schwab has been unable to resolve the competing claims between the Jensen Family Trust and Jones. [(*Id*. ¶ 14.)]

      20. Because both the Jensen Family Trust and Jones each have demanded the sales proceeds from Charles Schwab, on May 15, 2008, Charles Schwab filed in good faith its Complaint for Interpleader in the United States District Court for the Northern District of Alabama, depositing $101,000.00 (via two separate checks for $50,500.00) into the Court's registry, in order for the Court to determine the rightful owner of the sales proceeds and to extinguish with finality the claims of the Jensen Family Trust and Jones over the sales proceeds. [(*Id*.)]

      21. The $101,000.00 that Charles Schwab had previously placed in a "cash hold" in Jones'[s] accounts was used to fund the $101,000.00 deposited into the Court. [(*Id*. ¶ 15.)]

      22. Charles Schwab is a disinterested party in the disposition of the sales proceeds and has no claim of its own to them. [(*Id*. ¶ 16.)]

(Doc. 29 at 3-6 (footnote omitted).)

### III. DISCUSSION

In its Motion for Summary Judgment and Realignment of the Parties, Charles Schwab argues that it "is entitled to the judgment as a matter of law and is due to be dismissed from

this case with the remaining parties realigned to litigate the ownership of the interpled funds. (Doc. 28 at 1.) As grounds for the relief requested, Charles Schwab contends that:

    a. Charles Schwab Properly filed its interpleader action pursuant to 28. U.S.C. § 1335;[4]

    b. Jones'[s] conversion claim fails because an interpleader cannot be liable for conversion when she makes no allegations independent of filing the interpleading action and placing the sales proceeds into the Court;[5]

    c. Jones'[s] breach of fiduciary duty claim fails because Charles Schwab owes no fiduciary duty to Jones and because no liability arises when Jones makes no allegations independent of filing the interpleading action and placing the sales proceeds into the Court;[6]

---

[4]Section 1335(a) provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . ., if

    (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . .; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court . . . .

28 U.S.C. § 1335(a).

    [5] (*See* Doc. 29 at 8-10 ("Alabama courts have held that in order to convert a claimant's property, the stakeholder must have liability independent from the interpleaded funds. . . . Because Jones has not and cannot make any allegations that Charles Schwab has acted wrongfully independent of interpleading the sales proceeds, Jones cannot establish that Charles Schwab exercised any wrongful control, or conversion, over her money." (citing *Pratt v. First Nat'l Bank of Fayette*, 9 So. 2d 744, 746-47 (Ala. 1942); *Ala. Farm Bureau Mut. Cas. Ins. Co. v. Smith*, 406 So. 2d 913 (Ala. Civ. App. 1981); *Dick v. First Nat'l Bank of Birmingham*, 334 So. 2d 922 (Ala. Civ. App. 1976))).)

    [6] (*See* Doc. 29 at 10 (citing *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185, 1190-91 (Ala. 2008) (citing *Power Equip. Co. v. First Ala. Bank*, 585 So. 2d 1291 (Ala. 1991);

7

      d.  Realignment of the parties is proper due to the Charles Schwab's interpleader claim.

(*Id*. ¶ 5.)

As set forth above, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b).  Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.  *Trs. of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating*

---

*Faith, Hope & Love, Inc. v. First Ala. Bank of Talladega County*, 496 So. 2d 708 (Ala. 1986))).)

*Employers v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004)(citing *United States v. One Piece of Property*, 363 F.3d 1099, 1101-02 (11th Cir. 2004)).

Applying these standards and reviewing the record and the relevant law, the court finds that Charles Schwab, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Neither Jones nor the Jensen Defendants have come forward with *any* evidence in response to this showing. Thus, they have failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of Charles Schwab is warranted.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and Charles Schwab is entitled to judgment as a matter of law. Charles Schwab's Motion for Summary Judgment and Realignment of the Parties, (Doc. 28), is therefore due to be granted. By an Order entered contemporaneously with this Memorandum Opinion, the court will dismiss Charles Schwab and realign the defendants; the Jensen Defendants will be the plaintiffs and Jones will remain a defendant. As such, Charles Schwab's Motion to Compel Defendant Teri Jones, (Doc. 26), is due to be denied as moot.

**DONE** this 29th day of September, 2010.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE